**In re J. Michael FINCHER, P.C., J. Michael Fincher, Individually, Benjamin Johnson, John M. Martineck, Michael Havard, and Provost Umphrey Law Firm, L.L.P., Relators,**

**and**

**J. Michael Fincher, P.C., J. Michael Fincher, Individually, Benjamin Johnson, John M. Martineck, Michael Havard, and Provost Umphrey Law Firm, L.L.P., Appellants,**

**v.**

**Harrold E. (Gene) WRIGHT and Pat S. Holloway, P.C., Appellees.**

**Nos. 2–04–086–CV, 2–04–088–CV.**

Court of Appeals of Texas, Fort Worth.

July 8, 2004.

---

Griffin & Jones, Mike Griffin, Michelle Jones, Denton, Beck, Redden & Secrest, L.L.P., David J. Beck, Fields Alexander, Russell S. Post, Jason Luong, Houston, TX, for Appellants/Relators.

Eggleston & Briscoe, William J. Eggleston, Houston, Wood, Thacker & Weatherly, P.C., R. William Wood, Denton, Shannon, Gracey, Ratliff & Miller, L.L.P., Kleber C. Miller, Fort Worth, Max E. Roesch, Giddings, for Appellees/Real Parties In Interest.

Panel A: LIVINGSTON, DAUPHINOT, and McCOY, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### I. Introduction

These are consolidated proceedings involving the trial court's denial of a motion to transfer venue. J. Michael Fincher, P.C., J. Michael Fincher, individually, Ben-

jamin Johnson, John M. Martineck, Michael Havard, and Provost Umphrey Law Firm, L.L.P. (the "Fincher Defendants") first filed an original proceeding in this court as relators, then filed an interlocutory appeal as appellants. The Fincher Defendants contend that they are entitled to relief in their original proceeding and assert their interlocutory appeal only in the alternative if we deny their petition for writ of mandamus.

## II. Background Facts

Harrold E. (Gene) Wright filed suit against the Fincher Defendants in Harris County alleging claims arising out of a Multi–Relator/Counsel Agreement (MRCA) that he and the Fincher Defendants entered into to coordinate their efforts in several separate qui tam lawsuits. The Fincher Defendants subsequently moved to transfer venue to Jefferson County. After lengthy discovery and a hearing on the venue motion, the Harris County trial court granted the motion and ordered the trial court clerk to transfer the case to Jefferson County. Wright then filed a nonsuit of his claims in Harris County; however, the Harris County clerk had already transferred the case to Jefferson County. Wright filed an additional notice of nonsuit in Jefferson County, which the Jefferson County trial court granted on September 19, 2003.

On August 29, 2003, Wright and Pat S. Holloway, P.C. (Holloway)—the firm that represented Wright in connection with Wright's qui tam lawsuit—filed suit as co-plaintiffs against four of the Fincher Defendants in Denton County. Wright and Holloway later added the remaining Fincher Defendants in an amended petition. The allegations in the Denton County suit are identical to the allegations in the Harris County suit. The Fincher Defendants moved to transfer venue of the case, claim-ing that because the Harris County court had previously determined that venue should be transferred to Jefferson County, equity and controlling case law mandate that venue is fixed in Jefferson County.

In their response, Wright and Holloway noted that John M. Martineck, one of the defendants, resided in Denton County. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.002(a)(2), 15.005 (Vernon 2002) (providing that venue is proper if at least one defendant resides in county). They averred that the Fincher Defendants did not contend that venue was improper as to Holloway; thus, venue for Holloway's claims was fixed in Denton County. They further claimed that venue was proper as to Wright because if more than one venue is proper, a plaintiff may file suit in his choice of venue.

At the hearing on the motion to transfer, the parties conceded that if no cases had been filed before the Denton County action, venue would be proper in Denton County because one of the Fincher Defendants resided there. *See id.* All of the Fincher Defendants' arguments as to the impropriety of venue related to the previous action filed by Wright. The Fincher Defendants admitted to the trial court that the issue of whether the case should be dismissed as to Wright only was problematic:

> There is no case law addressing what happens in this scenario where one plaintiff [Holloway], if it were not for the prior history, could have brought his case in Denton but he has joined up with a plaintiff [Wright] who . . . has mandatory venue in Jefferson County. We would argue that for judicial economy, to avoid fracturing the cases, to avoid inconsistent rulings, and for equity . . . that it only makes sense that Mr. Holloway's case be transferred along side [sic]. Otherwise, all kinds of havoc

could be wreaked as these cases proceed towards dual and possibly inconsistent judgments.

In addition to arguing that venue as to Wright was not fixed in Harris County because of the addition of Holloway as a plaintiff, Wright and Holloway argued that even if venue in Denton County is improper as to Wright, Wright had established that his joinder as a plaintiff was proper under section 15.003 of the civil practice and remedies code. *Id.* § 15.003 (Vernon Supp.2004). The trial court questioned the parties extensively about whether the addition of Holloway as a plaintiff abrogated the effect of the Harris County court's prior venue determination as to Wright. The Fincher Defendants claimed that the addition of Holloway "doesn't change the analysis of Mr. Wright."

Ultimately, the trial court denied the Fincher Defendants' motion to transfer in a general order that did not specify its reasons. They filed two motions to reconsider. In their second motion, they asserted that Holloway's claims are derivative of Wright's claims; thus, Holloway is in privity with Wright and should also be bound by the Harris County court's venue determination. The trial court also denied the motions to reconsider without specifying its reasons.

After the trial court's denial of their motions to reconsider, the Fincher Defendants filed an original proceeding in this court, requesting that we issue mandamus to compel the trial court to transfer venue to Jefferson County as to both Wright and Holloway. They subsequently filed an interlocutory appeal of the trial court's ruling, asserting in the alternative that if this court determines that venue is proper as

to Holloway, that as to Wright, venue should be transferred to Jefferson County.

## III. No Jurisdiction to Consider Interlocutory Appeal

■■■ Because whether the Fincher Defendants are entitled to mandamus relief is impacted by the availability of interlocutory appeal, we review that issue first. *See In re Kuntz,* 124 S.W.3d 179, 181 (Tex.2003) (orig.proceeding) (stating general rule that mandamus available only when relator has no adequate remedy by appeal). Interlocutory appeal is available under former section 15.003(c) of the civil practice and remedies code from a ruling allowing or disallowing joinder of a plaintiff who is unable to independently establish venue.[1] *Mobil Oil Corp. v. Shores,* 128 S.W.3d 718, 721 (Tex.App.-Fort Worth 2004, no pet.) (op. on reh'g). Interlocutory appeal is not available, however, from a trial court's determination—even if erroneous—that each plaintiff in a case has independently established that venue is proper in the county of suit. *See Am. Home Prods. Corp. v. Clark,* 38 S.W.3d 92, 96 (Tex.2000).

■■■ Because the trial court's orders denying the motion to transfer venue and motion to reconsider do not specify the grounds for the denial (i.e., whether both Wright and Holloway independently established venue or whether—if either Wright or Holloway was unable to independently establish venue—joinder was proper under section 15.003), we abated the appeal and ordered the trial court to issue an order clarifying the basis for its rulings. *See id.* at 96–97; *Elec. Data Sys. Corp. v. Pioneer Elec. (USA) Inc.,* 68 S.W.3d 254, 256 (Tex. App.-Fort Worth 2002, no pet.). The trial court issued a Clarification Order indicat-

1. Because this suit was filed before September 1, 2003, the prior version of section 15.003 governs. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899.

ing that its ruling "was based on its determination that each Plaintiff independently established venue in Denton County, and that joinder of Wright with Holloway is proper." Because the trial court determined that Wright and Holloway independently established venue in Denton County, we do not have jurisdiction over the Fincher Defendants' interlocutory appeal and must dismiss the appeal for want of jurisdiction.[2] Having determined that we do not have jurisdiction over the interlocutory appeal, we next address the Fincher Defendants' claims in their petition for writ of mandamus.

## IV. Mandamus Proper to Correct Erroneous Venue Procedure

In their petition for writ of mandamus, the Fincher Defendants contend that the trial court abused its discretion in denying the motion to transfer venue as to both Wright and Holloway because collateral estoppel bars reconsideration of the Harris County court's venue ruling.

 Mandamus relief is appropriate only if a trial court abuses its discretion and there is no adequate appellate remedy. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex.2003) (orig.proceeding). A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *In re Noteboom*, 111 S.W.3d 794, 797 (Tex.App.-Fort Worth 2003, orig. proceeding).

## A. Trial Court Abused Its Discretion by Denying Transfer as to Wright

 The Fincher Defendants contend that the trial court abused its discretion by not transferring venue of Wright's claims because the Harris County court's venue determination was final. A final judgment on venue is conclusive on the parties as to the issue of venue and irrevocably fixes venue of any suit involving the same subject matter and parties. *Miller v. State & County Mut. Fire Ins. Co.*, 1 S.W.3d 709, 712 (Tex.App.-Fort Worth 1999, pet. denied). A trial court's ruling transferring venue is interlocutory as to the parties, but final as to the transferring court if not altered within its plenary jurisdiction. *See In re S.W. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding). A nonsuit taken after a trial court has transferred venue but within its plenary jurisdiction is final as to the trial court's venue determination. *See Le v. Kilpatrick*, 112 S.W.3d 631, 633–34 (Tex.App.-Tyler 2003, no pet.); *Hendrick Med. Ctr. v. Howell*, 690 S.W.2d 42, 44 (Tex.App.-Dallas 1985, orig. proceeding).

Thus, because Wright nonsuited the Harris County case after the Harris County court determined that venue was proper in Jefferson County, venue as to Wright is fixed in Jefferson County, and Wright is collaterally estopped from asserting otherwise. Accordingly, we hold that the trial court abused its discretion in denying the motion to transfer venue as to Wright.

---

2. While the trial court's order appears to be inconsistent in that a joinder determination under section 15.003 is made only if the trial court determines that at least one of multiple plaintiffs is unable to independently establish venue, *see Am. Home Prods. Corp. v. Bernal*, 5 S.W.3d 344, 346 (Tex.App.-Corpus Christi 1999, no pet.) (op. on reh'g), it clearly states that the trial court determined that both

Wright and Holloway independently established venue. *Cf. Elec. Data Sys. Corp.*, 68 S.W.3d at 256 (holding that appellate court had no jurisdiction over interlocutory appeal from trial court's determination that each plaintiff independently established venue and, in the alternative, that joinder was proper under former section 15.003).

## B. Trial Court Did Not Abuse Its Discretion by Denying Transfer as to Holloway

 The Fincher Defendants further contend that Holloway is collaterally estopped from establishing venue in Denton County because he was in privity with Wright in the Harris County suit. *See Miller,* 1 S.W.3d at 713 (holding that officers and directors of original plaintiff, who were not named as coplaintiffs until subsequent suit, were collaterally estopped from establishing venue because they were in privity with plaintiff in original suit in which venue was finally determined in another county). A party is in privity with another if (1) the party controlled an action, (2) its interests were represented by a party to the action, or (3) it is the successor in interest of a party to an action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 653 (Tex.1996). To determine whether subsequent plaintiffs are in privity with prior plaintiffs, we must examine the interests the parties shared. *Id.* Privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation. *Id.* That persons may happen to be interested in the same question or in proving the same facts does not alone establish privity between them. *McGowen v. Huang,* 120 S.W.3d 452, 463 (Tex.App.-Texarkana 2003, pet. denied); *Mayes v. Stewart,* 11 S.W.3d 440, 449 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

 Here, the petitions filed in Harris and Denton counties allege identical facts and theories of recovery based on the Fincher Defendants' alleged breaches of duties under the MRCA. The Fincher Defendants contend that Holloway was in privity with Wright in the first suit because Holloway's rights under the MRCA, to recovery of contingency and statutory attorney's fees, are solely derivative of Wright's. *See Dow Chem. Co. v. Benton,* 163 Tex. 477, 357 S.W.2d 565, 567 (1962) (holding that a lawyer's rights under a contingency fee contract are "wholly derivative from those of his client" and that "[t]he attorney-client relationship is one of principal and agent"). However, an attorney representing a client pursuant to a contingency fee contract is merely the party's legal representative, and not a coplaintiff, in the case in which the attorney is representing the client. *See id.* at 568.

Wright and Holloway were both parties to the MRCA. The MRCA provides that any recovery on any of the qui tam suits would be split among the plaintiffs according to certain percentages. Then, attorneys' fees would be calculated from each plaintiff's recovery according to the percentages set forth in the contingency fee contracts between the individual plaintiffs and their attorneys. Finally, all of the attorneys' fees would be pooled, and each group of attorneys representing the plaintiffs would receive one-third of the total amount of attorneys' fees. The MRCA also provides that each attorney would be able to seek statutory attorneys' fees and costs (separately from the contingency fee contracts) as part of the recovery under the lawsuits; however, it also provided that the attorneys would work together so that all attorneys would be able to recover such fees and costs.

Thus, it appears that while Holloway and Wright both had an interest in obtaining the maximum amount of recovery for the plaintiffs in the qui tam lawsuits (because the higher the plaintiffs' recovery, the higher the attorneys' fees to be pooled), Holloway also had a separate interest in obtaining statutory attorneys' fees and costs (to which Wright had no claim) and a separate right to enforce the obligation of the attorneys included in the group of Fincher Defendants to work with

him in trying to obtain statutory attorneys' fees and costs for all of the attorneys involved in the qui tam suits. Because Holloway had an interest in the MRCA separate and apart from his client's, we hold that Wright and Holloway were not in privity with each other in the Harris County suit. Thus, Holloway is not bound by the Harris County court's determination of venue, and venue as to Holloway's claims is proper in Denton County.

## C. Trial Court Failed to Follow Proper Venue Procedure

■ Having determined that the trial court abused its discretion in denying the motion to transfer venue as to Wright, but not Holloway, we must next determine whether the Fincher Defendants have an adequate remedy by appeal from the trial court's erroneous ruling as to Wright. *See Kuntz,* 124 S.W.3d at 181.

■ Generally, venue decisions are not reviewable by mandamus because an appeal is available once trial has concluded, and improper venue is automatically reversible error. TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b); *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex.1999) (orig.proceeding); *Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995) (orig.proceeding); *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.

1990) (orig.proceeding). The supreme court has made exceptions for venue determinations in family law cases, cases in which another court's jurisdiction is interfered with, cases in which judicial economy dictates it, cases in which venue was transferred without proper notice to the parties, and cases in which mandamus is required by statute.[3] The supreme court has characterized three of these cases, *Masonite, HCA,* and *Henderson,* as being "rare occasion[s that] we have issued mandamus to correct improper venue procedure but not to review the propriety of venue in the county of suit." *Mo. Pac. R.R.,* 998 S.W.2d at 215 n. 18.

According to the Fincher Defendants, this case involves the trial court's use of improper venue procedure; thus, the trial court's ruling—like the trial court rulings in *Masonite, HCA,* and *Henderson*—is correctable by mandamus. The improper procedure alleged by the Fincher Defendants is the trial court's violation of civil procedure rule 87(5), which provides that a trial court may make only one venue determination in a case:

> If venue has been sustained as against a motion to transfer, or *if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered* regardless of whether the

**3.** *See In re SWEPI, L.P.,* 85 S.W.3d 800, 809 (Tex.2002) (orig.proceeding) (holding mandamus appropriate where another court's jurisdiction was interfered with); *In re Mo. Pac. R.R.,* 998 S.W.2d 212, 216 (Tex.1999) (orig.proceeding) (holding mandamus appropriate when statute so dictates regardless of adequacy of appeal); *Masonite Corp.,* 997 S.W.2d at 198 (5–4 decision) (holding mandamus appropriate when "[t]he effect of the trial court's disregard for the parties' pleadings, the facts, and the law is that the claims of hundreds of plaintiffs, instead of being tried in a proper forum, are now being tried in multiple improper forums [fourteen]—all tri-als with automatic reversible error"); *HCA Health Servs. of Tex., Inc. v. Salinas,* 838 S.W.2d 246, 248 (Tex.1992) (orig.proceeding) (holding mandamus appropriate when one court actively interferes with jurisdiction of another); *Henderson v. O'Neill,* 797 S.W.2d 905, 905 (Tex.1990) (orig.proceeding) (holding mandamus appropriate when venue transferred without proper notice to parties under rules of civil procedure); *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987) (orig.proceeding) (mandamus appropriate regarding venue decisions in cases involving child support and custody).

movant was a party to the prior proceeding or was added as a party subsequent to the venue proceedings, unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257–259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants.

TEX.R. CIV. P. 87(5) (emphasis added). The Fincher Defendants contend that the trial court's determination that Wright independently established venue in Denton County—after being informed that the Harris County court had transferred Wright's case to Jefferson County—constitutes a second venue determination in violation of rule 87(5).

Employing the same reasoning as the Fincher Defendants, the Beaumont court of appeals has recently conditionally granted mandamus in a similar case. *In re Shell Oil Co.*, 128 S.W.3d 694, 696–97 (Tex. App.-Beaumont 2004, orig. proceeding). In *Shell Oil*, the plaintiffs, William and Eva Simpson, originally filed suit in Orange County, and the defendants filed a motion to transfer venue to Harris County. *Id.* at 695. After the defendants requested the venue transfer, the Simpsons filed suit against the same defendants in Jefferson County but did not obtain service. *Id.* The Orange County court subsequently transferred the case pending in that court to Harris County. *Id.* The Simpsons eventually nonsuited that case. *Id.* at 695–96. The defendants then filed a motion to transfer the case pending in Jefferson County to Harris County. *Id.* at 696. After the Jefferson County court denied the motion, the defendants filed an original proceeding asking the appellate court to order the Jefferson County court to transfer venue to Harris County. *Id.*

In determining that the Jefferson County court abused its discretion by refusing to transfer venue of the case to Harris County, the Beaumont court of appeals relied on the holding in *Miller* that "[v]enue of any subsequent suit involving the same subject matter and the same parties as the initial suit is governed by the venue determination in the initial suit." *Id.* (citing *Miller*, 1 S.W.3d at 713). The court of appeals also relied on rule 87(5), holding that once the Orange County court made a final venue determination, rule 87(5) "precluded any rehearing of that ruling on the trial court level." *Id.* Regarding whether Shell Oil Company and the other defendants had an adequate remedy at law, the court held that

> [t]he trial court's refusal of the motion to transfer the suit to the previously determined county of venue presents exceptional circumstances. In exceptional circumstances—such as when a trial judge makes no attempt to follow Rule 87 and acknowledges deviation from required procedure—mandamus will issue to correct improper venue procedure.

*Id.* Thus, the court of appeals conditionally granted a writ of mandamus ordering the trial court to transfer venue of the case to Harris County.[4] *Id.* at 697.

---

4. *But see In re Mendoza*, 83 S.W.3d 233, 234–36 (Tex.App.-Corpus Christi 2002, orig. proceeding), in which the court of appeals determined, without discussing the merits of the trial court's venue ruling, that the trial court's decision not to transfer venue to Hidalgo County—where the district court had previously denied a motion to transfer venue in a case involving the same auto accident and same parties—was not subject to mandamus because the defendants did not allege that the trial court had violated a mandatory venue provision of chapter 15 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.0642 (providing that mandamus relief is available to enforce mandatory venue provisions of chapter 15).

In determining whether this case involves improper venue procedure, we rely on the reasoning in *Shell Oil*. While on its face rule 87(5) appears to apply only to venue determinations by the same trial court in the same case, the same principle should apply to prohibit a subsequent trial court—in a case involving the same parties and claims—from making its own venue determination independently of the first court. *See id.* at 696–97; *Houston Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 569 (Tex.App.-Austin 2003, no pet.). Thus, the reasoning employed by the Beaumont and Austin courts of appeals—that if only one venue determination may be made in a single proceeding in the same trial court, it follows that only one final venue determination may be made in a case involving the same parties and claims in different trial courts—applies to the instant case as well.

Because we hold that the trial court did not comply with proper venue procedure in ruling on the Fincher Defendants' motion to transfer venue to Jefferson County in this case, we conclude that mandamus is proper to correct its ruling. *See Shell Oil Co.*, 128 S.W.3d at 696–97.

### V. Conclusion

Having determined that we do not have jurisdiction to consider the Fincher Defendants' interlocutory appeal under former section 15.003 of the civil practice and remedies code, we dismiss the appeal for want of jurisdiction. *See Elec. Data Sys. Corp.*, 68 S.W.3d at 260. However, having also determined that (a) the trial court abused its discretion by denying the motion to transfer venue as to Wright and (b) mandamus is appropriate to correct the trial court's use of improper venue procedure, we conditionally grant the Fincher Defendants' petition and order the trial court to transfer venue of Wright's claims

to Jefferson County. A writ of mandamus will issue only if the trial court fails to comply with these instructions.