IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0414
════════════
 
In re Team 
Rocket, L.P., MLF Airframes, Inc., 
and Mark L. Frederick, Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued February 
15, 2007
 
 
 
            
Justice Green delivered the opinion of the 
Court.
 
            
Justice Wainwright filed a 
concurring opinion, in which Chief 
Justice Jefferson and Justice 
O’Neill joined.
 
 
            
In this case, we decide whether a plaintiff who was denied his initial 
venue of choice can nonsuit his case in the transferee 
county and refile in a third county. We hold that a 
plaintiff cannot avoid a venue ruling in such a way. Because the trial court in 
the third county refused to enforce the prior order setting venue in the 
transferee county, we conditionally grant the writ of mandamus.
I
            
Thomas Creekmore died when the airplane he was 
flying crashed in Fort Bend 
County. His family brought 
negligence, strict liability, survival, and wrongful death claims in Harris 
County against Team Rocket, L.P., MLF Airframes, Inc., and Mark L. Frederick 
(collectively, Team Rocket), related to Team Rocket’s manufacture and sale of 
the plane kit that Creekmore had purchased. Team 
Rocket moved to transfer venue, arguing that venue was improper in Harris County because they did not deliver the 
kit parts to Creekmore’s residence there. The 
Harris County trial court agreed and transferred the case to 
Williamson 
County, Team Rocket’s 
principal place of business and the residence of its representative. After the 
transfer, the Creekmores voluntarily nonsuited the case and immediately refiled the same claims against the same defendants in 
Fort 
Bend County. Team Rocket moved to transfer 
venue to Williamson County based on the Harris County trial court’s prior venue order and 
the doctrine of collateral estoppel. The Fort Bend County trial court denied the motion. Team 
Rocket then sought mandamus relief in the court of appeals, which denied the 
petition. ___ S.W.3d ___, ___ (Tex. App.—Houston [14th Dist.] 2006).
II
            
We grant the extraordinary relief of mandamus only when the trial court 
has clearly abused its discretion and the relator 
lacks an adequate appellate remedy. In re Prudential Ins. Co. of Am., 148 
S.W.3d 124, 135–40 (Tex. 2004) (citing 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)). In this case, Team Rocket argues 
that they are entitled to mandamus relief because collateral estoppel bars reconsideration of the Harris County 
trial court’s final venue ruling, and because the Fort Bend 
County trial court’s refusal to 
transfer the case back to Williamson County violated Texas Rule of Civil 
Procedure 87(5). Team Rocket also argues that, rather than requiring the parties 
to proceed to trial following an erroneous venue ruling, exceptional 
circumstances exist to justify granting mandamus relief. The Creekmores contend that they had an absolute right to nonsuit their case and refile in 
Fort 
Bend County.
A
            
A plaintiff may nonsuit his case at any time 
prior to the close of the plaintiff’s pre-rebuttal evidence. Tex. R. Civ. P. 162. “Subject to 
certain conditions, a plaintiff who takes a nonsuit is 
not precluded from filing a subsequent suit seeking the same relief.” Aetna Cas. & Sur. Co. v. Specia, 849 
S.W.2d 805, 806 (Tex. 1993). The issue in 
this case is whether that general rule allows a plaintiff to use the procedural 
vehicle of nonsuiting a case to avoid unfavorable 
venue rulings.
            
The plaintiff gets the first choice of venue by filing suit. In re Masonite Corp., 997 S.W.2d 
194, 197 (Tex. 
1999). The defendant, however, may challenge that venue selection, and a 
court must “transfer an action to another county of proper venue if . . . the 
county in which the action is pending is not a proper county.” Tex. Civ. Prac. & Rem. Code § 
15.063(1); see Tex. R. Civ. P. 87 (procedures for 
filing motions to transfer venue). In this case, the Creekmores initially filed suit in Harris County, their county of residence. Team 
Rocket challenged venue, asserting that the defendants did not reside there and 
that a substantial portion of the events giving rise to the cause of action did 
not occur there. See Tex. Civ. 
Prac. & Rem. Code § 15.002(a)(1)–(2). The 
Harris County trial court determined that Harris County 
was not a proper venue, but that venue was proper in Williamson County.
            
Team Rocket argues that only one venue determination may be made in a 
proceeding and that Texas Rule of Civil Procedure 87 specifically prohibits 
changes in venue after the initial venue ruling. We agree. Once a trial court 
has ruled on proper venue, that decision cannot be the subject of interlocutory 
appeal. Id. § 15.064(a) (“No interlocutory 
appeal shall lie from the determination.”); Tex. R. Civ. P. 87(6) (“There shall be 
no interlocutory appeals from such determination.”). Moreover, Rule 87 states 
that “if an action has been transferred to a proper county in response to a 
motion to transfer, then no further motions to transfer shall be considered.” 
Tex. R. Civ. P. 87(5). Although a 
trial court’s ruling transferring venue is interlocutory for the parties, and 
thus not subject to immediate appeal, the order is final for the transferring 
court as long as it is not altered within the court’s thirty-day plenary 
jurisdiction. See In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (per curiam). Once a ruling is made on the merits, as in a 
summary judgment, that decision becomes final as to that issue and cannot be 
vitiated by nonsuiting and refiling the case. See Hyundai Motor Co. v. Alvarado, 
892 S.W.2d 853, 855 (Tex. 1995) (per curiam) (“A nonsuit sought after 
[a partial summary judgment] results in a dismissal with prejudice as to the 
issues pronounced in favor of the defendant.”). This concept is rooted in the 
long-standing and fundamental judicial doctrines of res judicata and collateral estoppel, which “promote judicial efficiency, protect 
parties from multiple lawsuits, and prevent inconsistent judgments by precluding 
the relitigation” of matters that have already been 
decided or could have been litigated in a prior suit. Sysco Food Servs., Inc. 
v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994); accord Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007). Just as a 
decision on the merits cannot be circumvented by nonsuiting and refiling the case, 
a final determination fixing venue in a particular county must likewise be 
protected from relitigation. Cf. Wichita 
Falls & S. R.R. Co. v. McDonald, 174 S.W.2d 951, 952–53 (Tex. 1943) 
(“[A] ruling on a plea of privilege is treated as final in so far as it disposes 
of the issue as to the venue of the case. . . . [A]n interlocutory order of 
court overruling a plea of privilege shall become final in so far as the venue 
question is concerned, within the same time and under the same circumstances 
that a judgment on the merits of the case would become final.”).
            
Reading Section 15.064 of the Texas Civil Practice and Remedies Code and 
Rule 87 together, we conclude that once a venue determination has been made, 
that determination is conclusive as to those parties and claims. Because venue 
is then fixed in any suit involving the same parties and claims, it cannot be 
overcome by a nonsuit and subsequent refiling in another county. Cf. H. H. Watson Co. v. Cobb 
Grain Co., 292 S.W. 174, 177 (Tex. Comm’n App. 
1927, judgm’t adopted) (holding that a plaintiff’s 
nonsuit following the trial court’s hearing on a plea 
of privilege “unalterably fixed the venue of any suit involving any subsequent 
controversy between the parties, relating to the subject-matter of the original 
suit in the county where the defendants reside,” and that “[t]he venue of such 
subsequent suit, if any, has become res adjudicata.”). Once the Harris County 
trial court transferred the cause to the proper venue of Williamson County, venue was fixed permanently in Williamson County for these causes of action between 
these parties. That venue was also proper in Fort Bend 
County does not change the 
result. The Fort Bend County 
trial court therefore abused its discretion by refusing to enforce the prior 
venue order issued by the Harris County trial court.
            
To interpret the provisions otherwise would allow forum shopping, a 
practice we have repeatedly prohibited. See, e.g., 
In re Autonation, Inc., 228 S.W.3d 663, 667–68 
(Tex. 
2007). If a plaintiff has an absolute right to nonsuit and refile, as the Creekmores contend, nothing could stop him from filing in 
each of Texas’s 254 counties until he finds a 
favorable venue. And, under the Creekmores’ 
interpretation, defendants would be left with no remedy and would have to endure 
a trial in the wrong venue, while a plaintiff could avoid any number of venue 
rulings simply by nonsuiting and refiling his case. We do not believe that the Legislature 
intended such a situation. Indeed, the plea of privilege practice that 
existed before amendment of the predecessor to Section 15.064 prevented that 
outcome. See H. H. Watson Co., 292 S.W. at 177; Ruiz 
v. Conoco, Inc., 868 S.W.2d 752, 756–57 
(Tex. 
1993). When a plea of privilege was sustained and a cause then 
transferred, a plaintiff’s nonsuit became res judicata as to venue if the 
plaintiff asserted the same cause of action against the defendant in a 
subsequent suit. See Geochem Tech Corp. v. Verseckes, 962 S.W.2d 541, 543 (Tex. 1998) (recognizing 
that, under the previous plea of privilege practice, when a plaintiff took a 
nonsuit while a proper plea of privilege was pending, 
the dismissal was deemed an admission that venue was improper in the original 
county, and venue became fixed in the county to which transfer was sought); 
Ruiz, 868 S.W.2d at 756–57 (explaining that although referred to as 
“res judicata,” the rule was 
really based on the dismissal being “deemed an admission of the merit of the 
plea”). Though we no longer have a plea of privilege under our statutes or 
rules, the rationale of “protect[ing] 
defendants from the harassment and expense of several contests on the issue of 
venue” remains. First Nat’l Bank in Dallas v. Hannay, 67 S.W.2d 215, 215 (Tex. 1933) (per curiam).
            
The only remedy afforded by the Legislature when a party loses a venue 
hearing is to proceed with trial in the transferee county and appeal any 
judgment from that court on the basis of alleged error in the venue ruling. 
Tex. Civ. Prac. & 
Rem. Code § 15.064(b) (“On appeal from the 
trial on the merits, if venue was improper it shall in no event be harmless 
error and shall be reversible error.”). The Creekmores chose not to avail themselves of that prescribed 
remedy and instead attempted to circumvent the venue ruling by nonsuiting and refiling. As we 
said in Masonite, “the plaintiffs had the first 
choice, but not the second, of a proper venue.” 997 S.W.2d at 198 
(emphasis added).
            
All three courts of appeals that have addressed the issue of voluntary 
nonsuiting and refiling in a 
different county following a transfer of venue have held that this practice 
violates Texas 
venue procedure. Fincher v. Wright, 141 S.W.3d 255, 260 (Tex. App.—Fort 
Worth 2004, orig. proceeding) (“While on its face rule 87(5) appears to apply 
only to venue determinations by the same trial court in the same case, the same 
principle should apply to prohibit a subsequent trial court—in a case involving 
the same parties and claims—from making its own venue determination 
independently of the first court.”); In re Shell Oil Co., 128 S.W.3d 694, 
696 (Tex. App.—Beaumont 2004, orig. proceeding) (“Venue of any subsequent suit 
involving the same subject matter and the same parties as the initial suit is 
governed by the venue determination in the initial suit.”); Hendrick Med. Ctr. v. Howell, 690 S.W.2d 42, 
45–46 (Tex. App.—Dallas 1985, orig. proceeding) (“Permitting a plaintiff to 
avoid being bound by a venue determination simply by nonsuiting and subsequently refiling the same cause of action against the same parties 
in a county other than that in which venue was determined to be proper would, in 
effect, circumvent the legislature’s intent that there be only one venue 
determination in a cause of action.”). They differ only in their analysis of the 
available appellate remedy, which we address next. Compare Shell Oil, 128 
S.W.3d at 697 (issuing writ of mandamus compelling trial court to enforce 
original venue transfer), with Hendrick Med. 
Ctr., 690 S.W.2d at 45–46 (denying writ of mandamus despite improper venue 
procedure because an adequate appellate remedy existed).
 
B
            
The adequacy of an appellate remedy must be determined by balancing the 
benefits of mandamus review against the detriments. Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex. 2004). In 
evaluating benefits and detriments, we consider whether mandamus will preserve 
important substantive and procedural rights from impairment or loss. Id. Our venue 
statutes create a balance: a plaintiff has the first choice of venue when he 
files suit, and a defendant is restricted to one motion to transfer that venue. 
See Masonite, 997 S.W.2d at 197–98; Tex. R. Civ. P. 87(5). By defying the 
Harris 
County trial court’s venue 
ruling by nonsuiting and refiling elsewhere, the Creekmores 
disrupted that balance in their favor and thereby impaired Team Rocket’s 
procedural rights.
            
In addition to impairment of rights, we consider whether mandamus will 
“allow the appellate courts to give needed and helpful direction to the law that 
would otherwise prove elusive in appeals from final judgments.” Prudential, 148 S.W.3d at 136. This petition involves 
a legal issue—the construction of Texas venue statutes and related rules in the 
context of voluntary nonsuit—that is likely to recur, 
as demonstrated by the court of appeals’ decisions that have already addressed 
it. See Fincher, 141 S.W.3d 255; Shell 
Oil, 128 S.W.3d 694; Hendrick Med. 
Ctr., 690 S.W.2d 42.
            
Finally, we consider whether mandamus will spare litigants and the public 
“the time and money utterly wasted enduring eventual reversal of improperly 
conducted proceedings.” Prudential, 148 S.W.3d at 
136. Although we generally do not grant a petition for mandamus for venue 
determinations absent extraordinary circumstances, we have granted mandamus 
relief when the trial court issued an improper order transferring venue that 
“wrongfully burdened fourteen other courts in fourteen other counties, hundreds 
of potential jurors in those counties, and thousands of taxpayer dollars in 
those counties.” Masonite, 997 S.W.2d at 199. When, as in this case, a trial court 
improperly applied the venue statute and issued a ruling that permits a 
plaintiff to abuse the legal system by refiling his 
case in county after county, which would inevitably result in considerable 
expense to taxpayers and defendants, requiring defendants to proceed to trial in 
the wrong county is not an adequate remedy. See Prudential, 148 S.W.3d at 137. “[A]n appellate remedy is not inadequate 
merely because it may involve more expense or delay than obtaining an 
extraordinary writ,” Walker, 827 S.W.2d at 842, but extraordinary relief 
can be warranted when a trial court subjects taxpayers, defendants, and all of 
the state’s district courts to meaningless proceedings and trials. See 
Prudential, 148 S.W.3d at 137.
            
We have granted mandamus relief in the context of Rule 87 venue rulings 
where, as here, the trial court made no effort to follow the rule. See 
Henderson v. O’Neill, 797 S.W.2d 905, 905 (Tex. 1990) (per curiam); cf. Bridgestone/Firestone, Inc. v. 
Thirteenth Court of Appeals, 929 S.W.2d 440, 442 (Tex. 1996) (per curiam) (explaining that, in that Rule 87 venue case, no 
extraordinary circumstances existed to justify mandamus relief). In this case, 
the Creekmores defied the Harris County trial court’s venue order by 
attempting to have another court revisit the question of venue, which had 
already been decided. To say that the Fort Bend 
County trial court, which 
violated statutory venue procedure and Rule 87(5), committed reversible error 
while declining to correct the injustice would compromise the integrity of the 
venue statute and result in an irreversible waste of resources. We hold that 
Team Rocket has no adequate appellate remedy.
III
            
For the reasons described above, we conditionally grant the writ of 
mandamus directing the Fort 
Bend County trial court to vacate its venue order and 
transfer the Creekmores’ case to Williamson County. If the court fails to do so, the 
writ will issue.
 
            
_____________________________
            
PAUL W. GREEN
            
JUSTICE
 
 
OPINION DELIVERED: May 23, 2008