NO. 07-08-0182-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 23, 2008

______________________________
 
IN RE DIANE GARRETT, AS NEXT FRIEND OF
 CHEYENNE GARRETT, A MINOR
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Relator Diane Garrett, as next friend of Cheyenne Garrett, petitions this court for a
writ of mandamus ordering the respondent trial court judge to vacate an order transferring
venue of her underlying suit from Lubbock County to Scurry County. We will deny relator’s
petition. 
          Relator filed the underlying lawsuit in Lubbock County alleging that Brandon Garrett
was killed in the course and scope of employment with real party in interest Patterson-UTI
Drilling Co., L.P., as a result of the gross negligence of Patterson-UTI and real party in
interest Ricky White.


 Patterson and White responded with motions to transfer venue to
Scurry County. They asserted that because venue in Lubbock County depended on
White’s presence in the suit, and as the claims alleged against White could not be
maintained as a matter of law, relator’s permissive venue choice of Lubbock County was
not proper. Respondent granted the motions to transfer venue by order signed February
21, 2008. On April 28, relator filed the instant original proceeding.


 Relator filed an
amended petition for writ of mandamus on May 21.



          To justify relief by mandamus, relator must demonstrate that the trial court’s venue
ruling was a clear abuse of discretion and that relator has no adequate remedy by appeal. 
See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (stating
requirements for mandamus relief). We address only the second requirement. 
          Even the commission of reversible error, standing alone, does not warrant relief by
mandamus. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 308 n.11 (Tex. 1994).
“Generally, venue decisions are not reviewable by mandamus because an appeal is
available once trial has concluded, and improper venue is automatically reversible error.” 
Fincher v. Wright, 141 S.W.3d 255, 262 (Tex.App.–Fort Worth 2004, no pet.) (citing, inter
alia, Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 and In re Masonite, 997 S.W.2d 194,
197 (Tex. 1999) (orig. proceeding)). One of our courts of appeals has pointed to the
legislature’s enactment of Civil Practice and Remedies Code § 15.0642, authorizing
mandamus to enforce mandatory venue provisions, as indicating its agreement with judicial
rulings finding other venue decisions to be inappropriate subjects for mandamus review. 
In re Rowe, 182 S.W.3d 424, 426-27 (Tex.App.–Eastland 2005, orig. proceeding) (citing
Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002)).


 
          In rare instances involving exceptional circumstances mandamus has been
authorized to correct improper venue procedure. See Missouri Pac., 998 S.W.2d at 215
n.18. Thus, in the seminal case for this proposition, In re Masonite, the trial court sua
sponte splintered two suits into sixteen cases to be tried in sixteen counties. 997 S.W.2d
at 197. The Supreme Court noted the general prohibition against review of venue
determinations by mandamus. It nevertheless found the trial court’s transfer procedure,
which burdened the transferee courts, the would-be jurors for each trial, and the parties
with trials amounting to fictions, created the type of exceptional circumstances warranting
review by mandamus. Id. at 198-99.
          The type of extraordinary circumstances subjecting a trial court’s venue procedure
to review by mandamus are not present in the case at bar. Rather, a venue determination
in a two-party suit, outside of suits affecting the parent-child relationship, amounts to an
incidental trial ruling correctable by ordinary appeal. Rowe, 182 S.W.3d at 426; see
Missouri Pac., 998 S.W.2d at 215. We find this precept applicable here. In reaching this
decision, we express no opinion on the merits of relator’s petition or the underlying case. 
Relator’s petition for writ of mandamus is denied.
 
                                                                           James T. Campbell

                                                                                    Justice