NO. 07-08-0182-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 23, 2008

_____

IN RE DIANE GARRETT, AS NEXT FRIEND OF
CHEYENNE GARRETT, A MINOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator Diane Garrett, as next friend of Cheyenne Garrett, petitions this court for a writ of mandamus ordering the respondent trial court judge to vacate an order transferring venue of her underlying suit from Lubbock County to Scurry County. We will deny relator's petition.

Relator filed the underlying lawsuit in Lubbock County alleging that Brandon Garrett was killed in the course and scope of employment with real party in interest Patterson-UTI Drilling Co., L.P., as a result of the gross negligence of Patterson-UTI and real party in interest Ricky White.[1] Patterson and White responded with motions to transfer venue to

---

[1] Relator's pleadings assert White was the tool pusher on Patterson-UTI's drilling rig at the time of Brandon Garrett's death and was a vice-principal of Patterson-UTI. It is not disputed that Patterson-UTI is a subscriber to workers' compensation insurance. *See* Tex. Lab. Code Ann. § 408.001 (a) & (b) (Vernon 2006) (providing recovery of workers'

Scurry County. They asserted that because venue in Lubbock County depended on White's presence in the suit, and as the claims alleged against White could not be maintained as a matter of law, relator's permissive venue choice of Lubbock County was not proper. Respondent granted the motions to transfer venue by order signed February 21, 2008. On April 28, relator filed the instant original proceeding.[2] Relator filed an amended petition for writ of mandamus on May 21.[3]

To justify relief by mandamus, relator must demonstrate that the trial court's venue ruling was a clear abuse of discretion and that relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (stating requirements for mandamus relief). We address only the second requirement.

Even the commission of reversible error, standing alone, does not warrant relief by mandamus. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 308 n.11 (Tex. 1994). "Generally, venue decisions are not reviewable by mandamus because an appeal is available once trial has concluded, and improper venue is automatically reversible error."

---

compensation benefits as exclusive remedy against employer for death or work-related injury but not prohibiting recovery of exemplary damages for an employer's intentional act or omission or gross negligence causing death of employee).

[2] Real parties in interest point out the order transferring venue was final as to the transferring trial court and that court lost plenary power over the case thirty days later. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding) (so holding). We do not address real parties' contentions that our grant of relator's petition effectively would direct the trial court to take an action it no longer has jurisdiction to take.

[3] Relator contemporaneously filed a motion seeking leave to file her amended petition. Relator's motion for leave is granted.

*Fincher v. Wright,* 141 S.W.3d 255, 262 (Tex.App.–Fort Worth 2004, no pet.) (*citing, inter alia*, Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 and *In re Masonite,* 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding)). One of our courts of appeals has pointed to the legislature's enactment of Civil Practice and Remedies Code § 15.0642, authorizing mandamus to enforce mandatory venue provisions, as indicating its agreement with judicial rulings finding other venue decisions to be inappropriate subjects for mandamus review. *In re Rowe,* 182 S.W.3d 424, 426-27 (Tex.App.–Eastland 2005, orig. proceeding) (*citing* Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002)).[4]

In rare instances involving exceptional circumstances mandamus has been authorized to correct improper venue procedure. *See Missouri Pac.,* 998 S.W.2d at 215 n.18. Thus, in the seminal case for this proposition, *In re Masonite,* the trial court *sua sponte* splintered two suits into sixteen cases to be tried in sixteen counties. 997 S.W.2d at 197. The Supreme Court noted the general prohibition against review of venue determinations by mandamus. It nevertheless found the trial court's transfer procedure, which burdened the transferee courts, the would-be jurors for each trial, and the parties with trials amounting to fictions, created the type of exceptional circumstances warranting review by mandamus. *Id.* at 198-99.

The type of extraordinary circumstances subjecting a trial court's venue procedure to review by mandamus are not present in the case at bar. Rather, a venue determination in a two-party suit, outside of suits affecting the parent-child relationship, amounts to an

---

[4] *See generally In re Missouri Pac. R.R.,* 998 S.W.2d 212, 216 (Tex. 1999) (discussing enactment of Civil Practice and Remedies Code § 15.0642).

incidental trial ruling correctable by ordinary appeal. *Rowe*, 182 S.W.3d at 426; *see*

*Missouri Pac.,* 998 S.W.2d at 215. We find this precept applicable here. In reaching this

decision, we express no opinion on the merits of relator's petition or the underlying case.

Relator's petition for writ of mandamus is denied.


James T. Campbell
Justice