**BRAZOS VALLEY COMMUNITY ACTION AGENCY, et al.,**
**Appellants,**

v.

**Clint ROBISON, Individually and as Representative of the Estate of Pervie Lee Robison, Appellee.**

No. 13–93–576–CV.

Court of Appeals of Texas,
Corpus Christi.

May 4, 1995.

Rehearing Overruled June 1, 1995.

---

Robert L. Orozco, Bryan, Philip Durst, Wiseman, Durst, & Tuddenham, Austin, Pamela Stanton Baron, Austin, for appellants.

Chris J. Kling, Bryan, for appellee.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellants seek reversal of a summary judgment granted in favor of Clint Robison, individually and as representative of the Es-

tate of Pervie Lee Robison. We reverse and remand.

## BACKGROUND

Clint Robison sued appellants Brazos Valley Community Action Agency, Brazos Valley Community Action Agency, Inc., Brazos Transit System, and Josephine Whiting in wrongful death and survival actions arising from the death of his mother, Pervie Lee Robison. Robison claimed that his wheelchair-bound mother was fatally injured when Whiting, a bus driver for the appellants, attempted to unload her from the appellants' bus. Robison contends that his mother fell forward out of her wheelchair onto the sidewalk, suffering injuries that caused her death two days later. In his petition, Robison asserted that the defendants' acts or omissions constituted negligence and gross negligence.

Whiting never answered or otherwise appeared in the action. Appellants entered a general denial.

Robison obtained a default judgment against Whiting for one million dollars plus interest. Appellants received no notice of the default hearing and did not appear. The court then severed Robison's claims against Whiting from his claims against appellants.

A hearing on Robison's motion for summary judgment against the appellants followed. Robison contended that the default judgment against Whiting established all the facts necessary to prove appellants' liability. As proof, he offered in evidence his petition, the default judgment, the order granting severance and the final judgment against Whiting. Based on Robison's motion, the court awarded summary judgment against the appellants jointly and severally for the amount of the judgment against Whiting.

## DISCUSSION

In their first point of error, appellants argue that summary judgment is improper because a default judgment against one party is not binding and does not have any preclusive effect upon another Defendant in the same action. We agree.

 Tex.R.Civ.P. 166a(c) establishes the procedure for obtaining a summary judgment. The purpose of this rule is to elimi-

nate patently unmeritorious claims or untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The rule provides a method for summarily ending a case involving only a question of law and no genuine fact issues. *Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). When we review a summary judgment, we require the movant to show that no genuine issues of material fact exist and the movant's entitlement to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). In deciding whether the summary judgment proof shows as a matter of law that there is no genuine fact issue, we take evidence favorable to the nonmovant as true. *Id.* We indulge every reasonable inference for the nonmovant and resolve any doubts in its favor. *Id.*

In a summary judgment proceeding where the plaintiff is the movant, the plaintiff must conclusively prove its entitlement to prevail on each element of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The plaintiff meets the burden if it produces evidence that is sufficient to support an instructed verdict at trial. *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984).

Within the context of a wrongful death and survival suit, no Texas appellate court has squarely addressed the procedural maneuvers employed by the appellee in this case in order to obtain this summary judgment. A few courts, however, have addressed this issue within other areas of the law and we now choose to follow their lead. In particular, we find the present case procedurally similar to *Mayfield v. Hicks*, 575 S.W.2d 571, (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). In *Mayfield*, an owner/plaintiff (in a position similar to the appellee in the present case) sued a principal (primary obligor) and the principal's guarantor on a claim for breach of a lease agreement. Both principal and guarantor were named in the petition but only the guarantor answered. When the principal failed to answer, the owner obtained a default judgment against the principal and the trial court subsequently entered a directed verdict for the owner against the **guarantor** on the basis of the default judgment. The court of appeals, in reversing the case, held that where a guarantor has notice of the action against his principal and he takes part in the suit, he is not bound by the adjudication of the principal's liability by a default judgment against his principal in the same action. *Id.* at 574. In a case following *Mayfield*, the Supreme Court held that as a general rule, when a surety contracts to be generally liable for the undertakings of the principal, the surety must be given notice and an opportunity to defend the case before it is bound by a judgment rendered against the principal. *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 265 (Tex.1979).

While the present case involves a cause of action based in tort and not in contract, and the record lacks any evidence that agency or "derivative liability" was affirmatively established in the trial court, we fundamentally agree with the procedural holding in *Mayfield* and follow the idea set forth in *Howze.*[1] Specifically, we hold that appellants are not bound by the adjudication of Josephine Whiting's liability by a default judgment where they answered and participated, but were not given notice or the opportunity to defend their interests (particularly where derivative liability was not affirmatively established). In *Mayfield*, the obligor/surety relationship had been affirmatively established and the appellate court was still unwilling to permit the surety to be bound. In the present case, where derivative liability has not been established in the record, the lack of fairness is even easier to identify. Further, as the *Mayfield* court reasoned, appellants had no authority to answer in Ms. Whiting's behalf or to defend in her name. *Id.* at 574.

Appellants were not afforded an adequate opportunity to defend their interests and several issues remain unresolved among the parties. We are unwilling to recognize the fundamentally unfair use of a default judgment in this case to bind an employer with an employee's default. While this court advo-

---

1. We explicitly do not address the issues of derivative liability, master/servant, principal/agent, or employer/employee relationships. The record is inconclusive of the existence of any of these relationships and should be addressed on remand.

cates the implementation of methods which enhance the efficiency of the courts, this particular "fast track" trial strategy bypasses rudimentary elements of fairness which we will neither permit nor advocate.

We find that the requirements for obtaining a summary judgment were not established in this case. In order to prevail on the motion for summary judgment, the plaintiff was required to provide conclusive summary judgment proof which established each element of his cause of action as a matter of law. The default judgment against Whiting was insufficient proof. We sustain appellant's first point of error.

We REVERSE the judgment of the trial court and REMAND for a trial on the merits.