183 S.W.3d 128 (2006)
In the Interest of J.D.N., a Child.
No. 05-04-01735-CV.
Court of Appeals of Texas, Dallas.
January 27, 2006.
*129 J. Darlene Ewing, Law Offices of J. Darlene Ewing, Dallas, Godwin Nwaogwugwu, Irving, Kenneth Chuks Onyenah, Dallas, for Appellant.
Kalita Michelle Rose, Irving, for Appellee.
Before Justices WHITTINGTON, WRIGHT, and MAZZANT.

OPINION
Opinion by Justice WHITTINGTON.
Godwin C. "Ben" Nwaogwugwu appeals the trial court's judgment requiring him to pay $1200 monthly child support. In two issues, Ben contends the trial judge abused her discretion by (i) imposing death penalty sanctions by striking his pleadings and deeming his monthly net resources to be $6000 and (ii) ordering Ben to pay $1200 a month in child support. We affirm the trial court's judgment.

Background
Although not married, Ben and Kalita Michelle Rose had a child in February 1998. After the Attorney General of Texas filed a petition to establish the parent-child relationship, Ben filed a general denial. Kalita filed a general denial and counter-petition to establish parentage. In her petition, Kalita requested child support, including retroactive child support from the date of their child's birth.
On July 18, 2003, Kalita served Ben with a request for production or inspection of documents. When Ben provided only his 2000 income tax return one month later, Kalita filed a motion to compel discovery and for sanctions. Following a December 9, 2003 hearing, the trial judge entered an order overruling Ben's objections to Kalita's July request for production and ordering production of all documents by December 23, 2003. The judge also ordered Ben to pay attorney's fees of $720 to Kalita's attorney as a sanction because of Ben's failure to comply with a proper discovery request. On January 20, 2004, Ben filed a "Motion for New Trial," claiming a judgment had been signed on December 22 and that neither Ben nor his counsel were present.
Kalita filed a motion for further sanctions on February 25, 2004. The motion alleged that Ben had failed to deliver the documents or to pay the $720 in attorney's fees as a sanction as ordered by the trial judge. In response, Ben filed a "Motion to Set Aside Default Judgment on Motion to Compel and Sanctions" that was identical in content to his previously filed Motion for New Trial. On March 1, 2004, the trial judge entered an order, denying both of Ben's motions and granting Kalita $750 in attorney's fees. In an order dated March 11, 2004, the trial judge granted Kalita's motion for further sanctions. The judge again ordered Ben to deliver all documents requested by Kalita in her request for production by March 15, 2004 and to pay attorney's fees of $750 to Kalita's attorney as a sanction for Ben's failure to comply with the court's December 22, 2003 order as well as the previous sanction amount of $720. In the order, the judge cautioned Ben that the failure "to comply with any portion of this Order will result in his answer being stricken and a default judgment being entered against him as a sanction for his discovery abuse and his repeated violations of this Court's Orders."
On May 5, 2004, the trial judge signed an order striking Ben's answer for his failure to provide discovery to Kalita and for his failure to comply with the trial court's previous orders. The judge noted that lesser sanctions had been tried but had been "ineffective to bring about compliance." The judge also found that Ben *130 was estopped from asserting his monthly net resources were less than $6000 per month. That same day, the case proceeded to trial. During trial, Kalita testified Ben is an engineer with JBO Integration and owns JBO Design Consultants. Kalita testified that between September 2003 and February 2004, approximately $5000 a month was transferred into one of Ben's bank accounts. According to Kalita, the $5000 transfer was "in addition to his income" that Ben receives from "his main job." Kalita testified that although they did not know how much Ben earned, it appeared that he made more than $6000 a month. She testified Ben had been ordered to pay monthly temporary support of $550 beginning September 11, 2001 and that he currently owed $6,158.59 in back support. Kalita also testified she was requesting Ben pay Justin's monthly health insurance premium of $21.78. After hearing this and other evidence and the argument of counsel, the trial judge found Ben to be the father of Kalita's child, appointed Ben and Kalita joint managing conservators, and ordered Ben to pay child support of $1,221.78, per month (including health insurance reimbursement). This appeal followed.

Discovery Sanctions
Under his first issue, Ben contends the trial judge abused her discretion in imposing the death penalty sanction of striking his answer. Under this issue, Ben argues the sanction was "excessive and unjust." For the reasons that follow, we disagree.
Discovery sanctions must be just under the circumstances. TransAm. Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.1991) (whether district court imposed sanctions under paragraph 2(b) or paragraph 3, court must consider whether sanctions are just). We review a ruling on a motion for sanctions under an abuse of discretion standard. Cire v. Cummings, 134 S.W.3d 835, 838 (Tex.2004). The test under an abuse of discretion review is "not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but `whether the court acted without reference to any guiding rules and principles.'" Cire, 134 S.W.3d at 839 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985)). We reverse the judge's ruling only if it was arbitrary or unreasonable. Cire, 134 S.W.3d at 839; Downer, 701 S.W.2d at 242.
Rule 215.3 of the Texas Rules of Civil Procedure provides
If the court finds a party is abusing the discovery process in seeking, making or resisting discovery or if the court finds that any interrogatory or request for inspection or production is unreasonably frivolous, oppressive, or harassing, or that a response or answer is unreasonably frivolous or made for purposes of delay, then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of Rule 215.2(b). Such order of sanction shall be subject to review on appeal from the final judgment.
TEX.R. CIV. P. 215.3. Thus, after notice and hearing, a trial judge may sanction a party who has abused the discovery process by resisting discovery by (i) ordering "that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order," (ii) "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;" *131 and (iii) "striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party." See TEX. RS. CIV. P. 215.2(b)(3), (4), (5) & 215.3.
In TransAmerican, the supreme court instituted a two-part test for determining whether a particular sanction is just.
First, there must be a direct nexus among the offensive conduct, the offender, and the sanction imposed. A just sanction must be directed against the abuse and toward remedying the prejudice caused to the innocent party, and the sanction should be visited upon the offender. The trial court must attempt to determine whether the offensive conduct is attributable to counsel only, to the party only, or to both. Second, just sanctions must not be excessive. In other words, a sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes, which include securing compliance with discovery rules, deterring other litigants from similar misconduct, and punishing violators.
Spohn Hosp. v. Mayer, 104 S.W.3d 878, 882 (Tex.2003) (internal citations omitted).
Although Ben contends the sanctions in this case were excessive and unjust, we disagree. Ben first argues that although he "may have been less than prompt in complying with orders of the court, he did eventually comply." While Kalita's trial counsel informed the judge that Ben paid "prior sanctions in the amount of $1470," the record only shows it was paid by May 5, 2004, the date of the final hearing in this case. The trial judge first ordered Ben to pay $720 by December 22, 2003. The second sanctioned amount of $750 was due March 15, 2004. Each time, Ben failed to pay the sanctioned amount by the due date. In fact, in the second sanctions order, the trial judge ordered Ben to pay both sanction amounts by March 15, 2004. Thus, the record shows Ben failed to pay the sanctioned amounts by the dates ordered by the trial judge. Furthermore, the record fails to show Ben delivered any of the documents as ordered by the trial judge in her December 22, 2003 and March 11, 2004 orders.[1] Therefore, we conclude the record shows Ben did not comply with the trial court's orders.
Next, Ben argues the record does not reflect that the "delays in the production of the information requested through discovery was Ben's fault." Again, we disagree. The trial court's orders state that Ben failed to provide the requested documents and Ben failed to comply with the trial court's orders, then they order Ben to comply, to provide the requested discovery documents, and to pay sanctions. We conclude the orders clearly state the delays in production were Ben's fault and do not implicate Ben's trial counsel.
*132 Finally, Ben argues Kalita "did not exercise her right to obtain" the discovery information "from other sources" such as serving Ben's bank with subpoenas or having the Attorney General of Texas get Ben's income tax returns from the IRS. Ben's argument ignores the simple fact that Ben was ordered by the trial judge to provide the documents listed in the July 18, 2003 request for production or inspection of documents. Whether certain documents, if any, were available through other sources is irrelevant. Ben failed to comply with two court orders requiring him to turn over the discovery information to Kalita. He was twice sanctioned and ordered to pay legal fees for his failure to comply. The legal fees assessed against Ben were specifically aimed toward remedying the prejudice caused, i.e., requiring Kalita and her trial counsel to file motions to compel and present evidence at hearings on the motions. In each order, Ben was also ordered to produce the documentation in question. In the March 11, 2004 order, the trial judge specifically cautioned Ben that his failure "to comply with any portion of this Order will result in his answer being stricken and a default judgment being entered against him as a sanction for his discovery abuse and his repeated violation of this Court's Orders." Because Ben, after repeated warnings, again failed to comply, the trial judge struck his pleadings and deemed his monthly net income to be $6000.
After reviewing the record, we conclude there was a direct nexus between Ben's offensive conduct (failing to provide financial documentation regarding his monthly net resources in order to determine child support obligations) and the sanctions leveled against him. The sanctions were just in that they were directed against Ben's abuse and toward remedying the prejudice caused to Kalita. In light of the record before us, we cannot conclude the trial judge abused her discretion in striking Ben's answer and deeming his monthly net income to be $6000. We overrule his first issue.
Under his second issue, Ben questions whether it was proper to impose child support obligations at the maximum rate permitted under the family code guidelines "in the absence of proof that Ben's statutory net resources total at least $6,000 per month." Section 154.129 provides for child support to be twenty percent of the obligor parent's net resources when the obligor parent has only one child before the court and no other children for whom the obligor parent has a duty of support. TEX. FAM.CODE ANN. §§ 154.126 & 154.129 (Vernon 2002). In this case, Ben's net monthly resources were deemed to be $6000. Thus, the $1200 per month child support amount ordered by the trial judge comports with the family code provisions.
To the extent Ben is complaining about the determination that his net monthly resources totaled $6000, we conclude this argument is merely a rehashing of his previous issue regarding sanctions. Having already concluded the trial judge did not err in striking his answer and ordering that the "designated facts" of his net monthly resources "shall be taken to be established for the purposes of the action," we decline to revisit his argument again. We overrule his second issue.
We affirm the trial court's judgment.
NOTES
[1] In his brief, Ben argues the record shows the discovery "documents were also produced, albeit in a `trickle.'" The portion of the record cited for this proposition is during Kalita's trial counsel's testimony regarding why attorney's fees were higher than usual in this case. In response to Ben's questioning, trial counsel testified that the that discovery documents came

in like little trickle trains of discovery. And then we'd look at them and we notice that the account numbers don't match up with other account numbers. We call to try and figure it out. We don't get any cooperation. We have to set another hearing so that's why these attorney fees are so high.
Trial counsel did not testify, nor does any portion of the record reveal, that the discovery documents Ben was ordered to provide were ever provided.